**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5030**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM TERRENCE CROSS, a/k/a Red,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (CR-03-10)

———————

Submitted: September 30, 2005      Decided: December 16, 2005

———————

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph R. Winston, LAW OFFICES JOSEPH RYLAND WINSTON, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Laura P. Tayman, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Terrence Cross was convicted by a jury of tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1) (2000), and retaliating against a witness, in violation of § 1513(b)(2) (2000). Although the district court initially sentenced him to 100 months of imprisonment, this court vacated and remanded for resentencing. United States v. Cross, 371 F.3d 176 (4th Cir. 2004). In Cross, decided prior to the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296 (2004), we held that, in applying United States Sentencing Guidelines Manual ("USSG") § 2X3.1 (2002), the Accessory After the Fact guideline, "the base offense level for a drug-related 'underlying offense' should include any increase based on the quantity of drugs involved, without regard to whether the defendant knew, or reasonably should have known, the amount involved." Cross, 371 F.3d at 182. On remand, the district court, applying USSG § 2X3.1 as mandated by this court, resentenced Cross to a term of 168 months of imprisonment. The district court further stated that it would impose the same sentence based on the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), even if the guidelines were merely advisory.

On appeal, Cross argues, pursuant to United States v. Booker, 125 S. Ct. 738 (2005), and Blakely, that he was sentenced in violation of his Sixth Amendment rights, and that the district

court erred in treating the guidelines as mandatory. Because Cross preserved the Sixth Amendment issue by objecting to his sentence under Blakely below, review is de novo. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 756. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Id. at 756-67.

In Cross, we determined that the application of USSG § 2X3.1 was proper and that application of the guideline required using the base offense for the drug-related underlying offense regardless of whether Cross knew, or reasonably should have known, the amount involved. 371 F.3d at 182. Because at resentencing the district court merely applied the guideline as mandated and made no factual determinations regarding drug quantity in doing so, we find no Sixth Amendment error.

Cross also claims that he is entitled to a new sentencing under an advisory guidelines scheme. We disagree. Under either a

plain error or harmless error standard of review, in light of the identical alternative sentence set forth by the district court, we conclude that no reversible error occurred.  See <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005) (noting that substantial rights inquiry under plain or harmless error is the same and that only difference is who bears burden of proof).

Accordingly, we affirm Cross' sentence.  We further find the arguments Cross presents in his pro se brief and supplements without merit.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>